## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**PATRICK GUILLRY**              **CASE NO. 6:18-CV-01154 SEC P**

**VERSUS**                       **JUDGE TERRY A. DOUGHTY**

**KRISTEN EARLS, ET AL**         **MAGISTRATE JUDGE WHITEHURST**

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Patrick Guillory, proceeding *in forma pauperis*, filed the instant civil rights complaint on September 4, 2018.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### Statement of the Case

Plaintiff complains that at the age of 17, he was "forced into the life of an informant for the Crowley P.D."  [Rec. Doc. 1, p. 3]  He alleges that although he was diagnosed with a mental illness, he was forced to work for the police, that his life has been in danger, that he was beaten in jail and suffered mistreatment due to his status as a known informant.  He names as defendants Judge Kristian Earles

(erroneously named as "Kristen Earls"), Assistant District Attorney Roger Hamilton, private attorney Jack E. Nickel, Crowley Police Department and Louisiana State Police. He seeks $25,000,000.00 in damages and asks this Court to "take away" his conviction.

## Law and Analysis

### 1. Screening

When a prisoner is allowed to litigate a civil rights complaint *in forma pauperis,* the district court should dismiss the case if at any time it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (stating that when a prisoner seeks redress from a governmental entity or one of its employees, the court shall review the complaint as soon as practicable and dismiss it if the court finds the complaint frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief); 42 U.S.C.A. § 1997e(c) (providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

2

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998).

While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless, given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996).  Nevertheless, a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995); see *Wesson v. Ogleby*, 910 F.2d 278, 281 (5th Cir.1990) ("An *IFP* complaint that recites bare legal conclusions, with no suggestion of supporting

3

facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under [§ 1915(d)(2)(B) ].”). The district court is bound by the allegations in a plaintiff’s complaint and is “not free to speculate that the plaintiff ‘might’ be able to state a claim if given yet another opportunity to add more facts to the complaint.” *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

## 2. Civil Rights Claims

### A. Judge Kristian Earles

Plaintiff’s claims against 15th Judicial District Court Judge Kristian Earles arise out of the performance of his judicial duties. Judges have absolute immunity for acts done within the scope of their jurisdiction. *Stump v. Sparkman,* 435 U.S. 349, 356 (1978). The Fifth Circuit has delineated three elements to identify acts as being judicial in nature, and thus not in the clear absence of all jurisdiction: “(1) normal judicial functions that (2) occurred in the judge’s court or chambers and were (3) centered around a case pending before the judge.” *Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir.1986). These factors are construed liberally in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir.1985). As plaintiff’s allegations center around normal judicial functions that occurred in Judge Earles’ courtroom related to plaintiff’s criminal matter pending before him, all claims against Judge Earles should be dismissed.

4

### B. *Assistant District Attorney Roger Hamilton*

Furthermore, any claim for monetary damages against Assistant District Attorney Roger Hamilton is barred by the doctrine of absolute immunity. A district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case. *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997). While Plaintiff has failed to allege any specific wrongdoing on the part of Mr. Hamilton, his claims are likely based on his role as a prosecutor and, therefore, as the conduct complained of was taken in this defendant's role as the State's advocate, he is entitled to absolute prosecutorial immunity. *See Imbler*, 424 U.S. at 430 (absolute immunity protected prosecutor from suit even for knowingly using perjured testimony and suppressing material evidence at plaintiff's murder trial). Accordingly, claims against defendant Roger Hamilton should be dismissed.

### C. *Attorney Jack E. Nickel*

Plaintiff also names Jack E. Nickel as a defendant. The complaint contains no specific allegations against Nickel, much less any allegations which could support a claim against him, a lawyer in private practice, pursuant to §1983. 42 U.S.C. §

5

1983 provides for a private right of action for violations of federally-secured rights under color of state law.  The statute states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state . . ., subject , or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . shall be liable to the party injured.

Thus, in order for a §1983 action to be viable, a plaintiff must meet three requirements:

> 1) deprivation of a right secured by the U.S. Constitution or federal law;
>
> 2) that occurred under color of state law; and
>
> 3) was caused by a state actor.

*Victoria W. v. Larpenter*, 369 F. 3d 475, 482 (5th Cir. 2004).

For a private citizen, such as Nickel, to be held liable under Section 1983, "the plaintiff must allege and prove that the citizen conspired with or acted in concert with state actors." *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989).  A plaintiff satisfies this burden by alleging and proving: "(1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights. Allegations that are merely conclusory, without reference to specific facts, will not suffice." *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004).

6

It is clear that Nickel is not a state actor as required for liability under § 1983. Moreover, there is no factual basis to support any claim of a conspiracy between Nickel and any alleged state actor to support a claim of state action. *See Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995) *citing McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222 (5th Cir. 1989), *cert. denied*, 493 U.S. 1083 (1990) ("'mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy."); *see also Babb v. Dorman*, 33 F.3d 472, 476 (5th Cir. 1994) *citing Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987) (finding that bald, conclusory allegations that a conspiracy exists are insufficient to state a conspiracy claim). Plaintiff's civil rights claims against Nickel should therefore be dismissed for failure to state claims upon which relief may be granted.

### D. Crowley Police Department

Plaintiff names the Crowley Police Department as a defendant. For a plaintiff to sue a city department, it must enjoy a legal existence separate from the city. *Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991). Federal Rule of Civil Procedure 17 provides that parties must have the capacity to sue or be sued. Article 24 of the Louisiana Civil Code provides in relevant part: "A juridical person is an entity to which the law attributes personality, such as a corporation or

partnership." La. Civ. Code art. 24. *See Boudreaux v. Bourgeois*, 1999 U.S. Dist. LEXIS 15856, 1999 WL 804080, *3 (E.D. La. 1999) *citing Norwood v. City of Hammond*, 1999 U.S. Dist. LEXIS 15539, 1999 WL 777713 at *2-3 (E.D. La. 1999).

The Court has found no law, Constitutional, statutory, or otherwise, that confers upon the Crowley Police Department the authority to sue or be sued, or that entitles it to function independently of the City of Crowley. Thus, the Court concludes that the Crowley Police Department is a department of the City of Crowley and not an individual, corporation, partnership, or unincorporated association; as such has no independent legal existence or the capacity to be sued.

### E. Louisiana State Police

Finally, Plaintiff names the Louisiana State Police as a defendant. The Eleventh Amendment precludes actions for monetary or injunctive relief brought against a state in federal court by its own citizens or citizens of another state, absent consent, waiver or abrogation of the state's sovereign immunity. See U.S. CONST. amend. XI; *Edelman v. Jordan*, 415 U.S. 651, 662 (1974). By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. LA. REV. STAT. ANN. § 13:5106(A). The Louisiana State Police is a state agency and, as such, is in essence an alter ego of the State of Louisiana. La .Rev.Stat.Ann. § 40:1301; *see also Higginbotham v. Jones*, 2010 U.S.

8

Dist. LEXIS 40137, 2010 WL 1662475 (W.D. La., March, 10, 2010). Accordingly, the Louisiana State Police is immune from suit in this court and plaintiffs' claims against it must be dismissed. *Id*.

### 3. Habeas Corpus or Civil Rights

Plaintiff is a prisoner in state custody. He filed his complaint pursuant to the provisions of 42 U.S.C. §1983. However, it is clear from the pleadings that plaintiff is also challenging the constitutionality of his conviction and continued custody. *Habeas corpus* (28 U.S.C. §§2241 or 2254) provides the appropriate remedy for prisoners challenging their convictions or the duration of their sentences. *See Preiser v. Rodriguez*, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989). Section 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. *See Cook v. Texas Dep't of Crim. Justice*, 37 F.3d 166, 168 (5th Cir.1994).

The Fifth Circuit has adopted a bright-line rule for resolving whether a prisoner's claim should be properly characterized as a § 1983 claim or one for *habeas* relief – if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper action is a § 1983 suit. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir.1997).

9

Plaintiff asks that this Court "take away" his conviction due to "the circumstances," i.e., his alleged mental illness. Accordingly, a favorable determination would entitle him to immediate or accelerated release. Therefore, to the extent that he seeks *habeas corpus* relief in this civil rights complaint, he fails to state a claim for which relief may be granted.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted and for seeking monetary relief against a defendant who is immune from such relief.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation**

10

**within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE in Chambers on this 7th day of November, 2018.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

11